HUGHES HUBBARD & REED LLP
Christopher M. Paparella
Meaghan C. Gragg
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
chris.paparella@hugheshubbard.com
meaghan.gragg@hugheshubbard.com

*Attorneys for Defendant Compass Bank*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STABILIS FUND II, LLC,<br>    Plaintiff,<br><br> against<br><br>COMPASS BANK,<br>    Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

    PLEASE TAKE NOTICE that Defendant Compass Bank hereby removes the state court action entitled *Stabilis Fund II, LLC v. Compass Bank*, Index No. 655975/2017 from the Supreme Court of the State of New York, County of New York to this Court based upon diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1332, 1141, 1446. In support of this Notice of Removal Compass Bank states as follows:

### PROCEDURAL HISTORY AND BACKGROUND

  1. Plaintiff, Stabilis Fund II, LLC, commenced the action by filing its summons with notice in the Supreme Court of New York, County of New York, Index No. 655975/2017 on or about September 22, 2017.

  2. Plaintiff states in the summons with notice that this is "an action for fraud,

fraudulent inducement and related torts" in which Plaintiff alleges that Compass Bank made "fraudulent statements, including material misrepresentations and material omissions" related to the Loan Sale Agreement dated March 14, 2013 between the parties.

3. Compass Bank has not been served with the summons with notice.

4. Compass Bank has not answered or otherwise responded to the summons with notice.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons with notice is attached as **Exhibit A**. Apart from the summons with notice, Compass Bank is not aware of any process, pleadings, motions or orders in the state court action.

6. "[A] summons with notice may serve as an initial pleading under section 1446(b)." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001).

7. Removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff has not served Compass Bank with the summons with notice pursuant to N.Y. C.P.L.R. § 311, and therefore the 30-day removal period has not begun to run. *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349-356 (1999) (holding that commencement of the 30-day removal period under section 1446(b) could only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading); *Whitaker*, 261 F.3d at 202 (reciting and applying the Supreme Court's holding in *Murphy Brothers* that commencement of the 30-day removal period under section 1446(b) can only be triggered by formal service of process).

8. This is the proper Court for removal pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of New York includes the County of New

York, the county in which this action is currently pending. 28 U.S.C. § 112(b).

9. Pursuant to 28 U.S.C. § 1446(d), Compass Bank will promptly file written notice of this removal with the New York County Clerk of the Supreme Court of the State of New York and serve Stabilis Fund II, LLC with a copy of this Notice of Removal.

## GROUNDS FOR REMOVAL

10. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy requirement is satisfied and there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1). Thus, this action may be removed pursuant to 28 U.S.C. § 1441.

11. Plaintiff states that it "seeks relief in the form of an award of damages in the amount to be determined at trial **but not less than $8 million.**" (Summons with notice, **Exhibit A**, at 2 (emphasis added).) Thus, pursuant to 28 U.S.C. § 1446(c)(2), the amount in controversy exceeds the sum or value of $75,000 as required under 28 U.S.C. § 1332(a).

12. Compass Bank is an Alabama banking corporation headquartered in Birmingham, Alabama. (*See* Alabama Department of State Business Entity Record for Compass Bank, attached hereto as **Exhibit B**.)

13. Upon information and belief, Plaintiff is, and at the time of commencing this action in state court was, a limited liability company organized and existing under the laws of the State of Delaware. (*See* Application for Authority of Stabilis Fund II, LLC, attached hereto as **Exhibit C**). Upon information and belief, Plaintiff is, and at the time of commencing this action in state court was, a citizen of Delaware. (*See id.*; *see also* Amended Complaint of Stabilis in *Stabilis Fund II, LLC v. Grey Lady, LLC*, Civil Action No. 1:14-cv-00724 (M.D.N.C. Sept. 5, 2014), attached hereto as **Exhibit D**, at ¶ 1.) Upon information and belief, none of the members

of Stabilis Fund II, LLC is, or at the time of commencing this action in state court was, a citizen of Alabama.  Upon information and belief, Plaintiff maintains its principal place of business in New York County.  (Summons with notice, **Exhibit A**, at 1.)

14. Pursuant to Local Civil Rule 81.1, Compass Bank states that the citizenship of each member of Stabilis Fund II, LLC is unknown to Compass Bank; therefore Stabilis Fund II, LLC must, within twenty-one (21) days after removal, file in the office of the Clerk a statement of the citizenship of each of its members.  (Local Civil Rule 81.1.)

## NON-WAIVER OF DEFENSES

15. By filing this Notice of Removal, Compass Bank does not waive any available defenses, including, but not limited to, service of process, the sufficiency of process, personal jurisdiction or venue.  *See, e.g.*, *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) (holding that "[r]emoval does not waive any Rule 12(b) defenses").

**CONCLUSION**

For the foregoing reasons, pursuant to 28 U.S.C. §§ 1332, 1141 and 1446, and pursuant to Local Civil Rule 81.1, this Court has jurisdiction over this action and this action is properly removed from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York.

Dated: New York, New York
October 18, 2017

HUGHES HUBBARD & REED LLP

By:    s/ Christopher M. Paparella
Christopher M. Paparella
Meaghan C. Gragg

One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726

*Attorneys for Defendant
Compass Bank*